

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

April 14, 2010

**BY ECF**

The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The application is ✓granted ___denied
SO ORDERED.
/Signed by Judge Lois Bloom/
Lois Bloom, U.S.M.J.
Dated: 4/15/10
Brooklyn, New York

*Defendant's counsel shall file the stipulation by 5/30/10 or advise the Court why the stipulation has not been filed by that date.*

Re:   *Colon v. Lappin et al.*
      Civil Action No.: 06 cv 3391 (Korman, Ch.J.) (Bloom, M.J.)

Dear Magistrate Judge Bloom:

Please accept this letter in response to the Court's April 6, 2010 Order directing the undersigned to show cause as to why the stipulation of dismissal in this action was not filed by March 22, 2010 in accordance with Your Honor's February 9, 2010 Order. The primary reason that the stipulation of dismissal was not filed by that date was that, as set forth in detail below, plaintiff refused to finalize the settlement and requested different settlement terms. The undersigned apologizes to the Court for any inconvenience caused by the fact that the stipulations of dismissal were not filed by March 22, 2010.

### Plaintiff Changed the Settlement Terms

On or about March 16, 2010, the undersigned sent a complete set of settlement papers to plaintiff *pro se* Armando Colon by express overnight mail.[1] The settlement papers

---

[1]   Further, after the last court conference, the undersigned and plaintiff discussed plaintiff's unusual settlement requests, such as making the settlement check out to his mother, or determining whether the government would or could, in any way, prevent the disclosure of the

The Honorable Lois M. Bloom  
April 14, 2010

Page 2

included two stipulations of dismissal (the first converting the case from a <u>Bivens</u> action to an FTCA action and the second dismissing the converted FTCA case) and a stipulation of settlement. On or about that same date, the undersigned also sent a copy of the stipulations of dismissal to Mr. James Keefe, counsel for co-defendant Salvatore Lopresti. The undersigned received an executed copy of the settlement papers from Mr. Keefe on or about April 5, 2010.

The undersigned never received any response from plaintiff *pro se* Armando Colon.

After receiving notice of the Court's Order to show cause on April, 7, 2010, the undersigned scheduled a call and spoke with plaintiff *pro se* Armando Colon on or about April 8, 2010. Plaintiff advised that he was, and has been, in solitary confinement at Wende Correctional Facility in Alden, New York. During the April 8, 2010 telephone conversation, plaintiff mentioned that he was concerned about the amount of the settlement and certain inmate income reporting requirements and requested that the settlement payment be changed to a lower amount that he believed would not be subject to the inmate income reporting requirements. The parties agreed upon a new settlement amount that addressed the plaintiff's concerns.

Accordingly, the undersigned redrafted the settlement stipulation to reflect the revised settlement amount. The revised settlement stipulation and additional copies of the stipulations of dismissal were again sent to plaintiff by overnight mail on or about April 12, 2010. Because of plaintiff's current assignment to solitary confinement, it is unclear, however, when plaintiff will review the revised settlement agreements or when he will execute and return the settlement stipulation and stipulations of dismissal to the undersigned.

### **Judge Korman's February 11, 2010 Order**

Two days after Your Honor's February 9, 2010 Order, on or about February 11, 2010, Judge Korman issued an Order discontinuing the case in its entirety without prejudice to the right to reopen the action if the settlement is not consummated. Judge Korman's February 11, 2010 Order did not mention Your Honor's February 9, 2010 Order and did not otherwise indicate that the requirement that a stipulation be filed by March 22, 2010 survived the discontinuance of the action.

Accordingly, the undersigned understood Judge Korman's Order as obviating the deadline for the filing of any stipulation unless the settlement could not be consummated. Based

---

amount of the settlement to one or more crime victims restitution funds. In addition, certain internal government protocols had to be followed before the undersigned could file a stipulation to convert this action from a <u>Bivens</u> action to an FTCA action. The unique nature of plaintiff's requests and the special procedures necessary in this case required that the undersigned contact Department of Justice officials in Washington D.C. and discuss these matters causing delays.

The Honorable Lois M. Bloom  
April 14, 2010

Page 3

on this understanding of Judge Korman's Order and the progress being made towards consummation of the settlement, the undersigned did not advise the Court prior to March 22, 2010 that the stipulations of dismissal would not be filed by that date, or the reasons therefor.

In view of the foregoing, the undersigned respectfully requests *nunc pro tunc* that the deadline for filing the stipulations of dismissal in this action be extended from March 22, 2010 to May 30, 2010 to allow plaintiff adequate time to review, execute and notarize the latest set of stipulations. In addition, should the undersigned anticipate that the stipulations will not be received in time for filing by May 30, 2010, or if plaintiff requests additional changes to the terms of the settlement, in *lieu* of filing, the undersigned will file a status report regarding the settlement with the Court.

Thank you for Your Honor's attention to this matter. Should the Court require additional information, please do not hesitate to contact the undersigned.

> Respectfully submitted,
>
> BENTON J. CAMPBELL  
> United States Attorney  
> Eastern District of New York
>
> By: *Artemis Lekakis / s*  
> ARTEMIS LEKAKIS  
> Assistant U.S. Attorney  
> (718) 254-6096

cc: Armando Colon (by ECF and First Class Mail)  
Plaintiff *Pro Se*  
DIN # 82A3397  
Wende Correctional Facility  
3040 Wende Road  
PO Box 1187  
Alden, NY 14004-1187

James J. Keefe, Esq. (by ECF)  
*Attorney for Defendant Salvatore Lopresti*